IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE: | |
| ADVENTURE ENTERTAINMENT, INCORPORATED d/b/a Movie Starz Video DVD Outlet d/b/a Movie Starz Video d/b/a Movie Starz | Case No. 10-72517 |
| | Chapter 11 |
| Debtor. | |

**EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING (I) REJECTION OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS, (II) EXPEDITED PROCEDURES FOR REJECTING UNEXPIRED LEASES AND EXECUTORY CONTRACTS, AND (III) ABANDONMENT OF PERSONAL PROPERTY**

The above-captioned debtor and debtor-in-possession (the "Debtor") hereby moves this Court for entry an order approving (i) the rejection of certain unexpired leases and executory contracts, (ii) expedited procedures for rejecting additional unexpired leases and executory contracts going forward, and (iii) abandonment of certain *de minimus* personal property related to leases premises (the "Motion"). In support of this Motion, the Debtor respectfully states as follows:

### Jurisdiction

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are §§ 105(a), 362, 365, and 554 of title 11 of the United States Code (the "Bankruptcy Code").

### Background

MAGEE GOLDSTEIN
LASKY & SAYERS P.C.
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

3.      On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor retained possession of its property and is authorized thereby, as a debtor-in-possession, to continue the operation and management of its business.

4.      The general facts and circumstances leading to the filing of this Bankruptcy Case and this application are set forth in the *Affidavit of Mark E. Tozier, President and Chief Executive Officer of Adventure Entertainment, Incorporated, in Support of First Day Motions and Applications* (the "Tozier Affidavit") filed on the same date as this Motion, which affidavit is incorporated by reference.[1]

### Relief Requested

5.      The Debtor leases space for its corporate office and 28 store locations, identified on **EXHIBIT 1** to this Motion.  The Debtor is in the process of identifying unprofitable and burdensome locations that should be closed.  The Debtor may close as few as four or as many as 22 of its stores.  In conjunction with this Motion, the Debtor has filed a motion for approval of certain store closing procedures that, if approved, will allow the Debtor to conduct a closing sale, clean out a store, and abandon certain assets in preparation for shutting the store location down.

6.      To complete the process of shedding underperforming stores, the Debtor has decided, in its business judgment to reject the leases and contracts associated with those stores that have been or will be shut down.  Accordingly, the Debtor seeks the establishment of streamlined procedures to reject certain nonresidential real property leases and executory contracts to which the Debtor is a party and which are associated with each store that has been or

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Tozier Affidavit.

will be shut down.  Except as otherwise described in this Motion, the Debtor has not yet determined which of its leases and executory contracts it will reject.

7.      With regard to the lease associated with the Debtor's store number 630, lessor Bennington New Orleans, LLC (the "Store 630 Lease"), the Debtor has already completed the store closing sale, and cleaned out the store.  Accordingly, the Debtor requests that this lease be deemed rejected as of the Petition Date.

8.      For those stores which the Debtor determines should be shut down after the Petition Date, the Debtor seeks: (i) approval of streamlined procedures for the rejection of those executory contracts and unexpired leases which the Debtor decides in its business judgment to reject during the pendency of the Chapter 11 Cases; and (ii) to have any such further rejections be effective as of the date of filing of a notice of rejection as provided in accordance with the procedures set forth in this Motion.  The proposed procedures are set forth on **EXHIBIT 2** to this Motion (the "Rejection Procedures").   In addition, as part of the Rejection Procedures, the Debtor seeks authority to abandon certain *de minimis* personal property (principally furniture, fixtures and/or equipment) located in the stores that are to be closed without further notice or order of the Court.

9.      By way of summary,[2] the Rejection Procedures provide that, once the Debtor decides to reject a contract or a lease in addition to the one that it has already rejected, the Debtor shall file a written notice in a form substantially similar to the notice attached as **EXHIBIT 3** to this Motion (each, a "Rejection Notice") and shall serve the Rejection Notice together with the order granting the relief requested in this Motion upon the applicable parties in interest.

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

---

[2] To the extent there are any discrepancies between the summary in this Motion and the Rejection Procedures, the latter controls in all respects.

10.    The Rejection Notice shall set forth, to the best of the Debtor's knowledge, the relevant information related to each lease or contract designated to be rejected (such lease or contract, a "Designated Lease or Contract") and will inform counterparties to such Designated Leases or Contracts and certain other parties in interest of the applicable procedures to object to the rejections.

11.    Finally, the Debtor requests that each counterparty to a rejected lease or contract be given until the later of (i) the deadline established for all creditors to file proofs of claim in these cases or (ii) 30 days after the effective date of such rejection to file any proofs of claim associated with the rejection.

12.    The Debtor respectfully submits that the proposed Rejection Procedures will streamline the necessary process of rejecting Designated Leases and Contracts that do not provide a benefit to the Debtor's estate and will minimize unnecessary post-petition obligations. At the same time, however, the Rejection Procedures provide affected parties with adequate notice of rejection and an opportunity to object within a reasonable time period.

13.    The Debtor also requests that counterparties to any leases or executory contracts holding a deposit or other security that is an asset of the Debtor, and therefore an asset of the bankruptcy estate, be prohibited from attempting to offset that deposit against any debt allegedly owed to it without first seeking court approval.

### Legal Authority

A.    <u>The Court Should Approve the Debtor's Rejection of the Rejected Leases and Executory
Contracts and the Rejection Procedures</u>

14.    Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor."  11 U.S.C. § 365(a).  "This provision allows a trustee to relieve the bankruptcy estate of

MAGEE GOLDSTEIN
LASKY & SAYERS, PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

burdensome agreements which have not been completely performed." <u>Stewart Title Guaranty</u> <u>102 Co. v. Old Republic Nat'l Title Co.</u>, 83 F.3d 735, 741 (5th Cir. 1996) (citing <u>In re Murexco</u> <u>Petroleum, Inc.</u>, 15 F.3d 60, 62 (5th Cir. 1994)).

15.     The standard courts apply to determine whether the rejection of an executory contract or unexpired lease should be authorized is the "business judgment" standard.  <u>See</u> <u>In re</u> <u>Orion Pictures Corp.</u>, 4 F.3d 1095, 1098–99 (2d Cir. 1993); <u>In re Lawson</u>, 146 B.R. 663, 664-65 (Bankr. E.D. Va. 1992) ("[t]he Fourth Circuit has adopted the 'business judgment' test as the appropriate standard in determining whether to permit a debtor to reject an executory contract . . . [and a] court will defer to a debtor's determination that rejection of a contract would be advantageous [to the estate] unless that decision is clearly erroneous") (citation omitted), <u>aff'd in</u> <u>part, rev'd in part</u> 14 F.3d 595 (4th Cir. 1993) (unpublished opinion); <u>see also</u> <u>In re Extraction</u> <u>Tech. of Va.</u>, 296 B.R. 393, 399 (Bankr. E.D. Va. 2001); <u>NLRB v. Bildisco & Bildisco</u>, 465 U.S. 513, 523 (1984) (recognizing the "business judgment" standard used to approve rejection of executory contracts); <u>In re Klein Sleep Prods., Inc.</u>, 78 F.3d 18, 25 (2d Cir. 1996) (same). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of bad faith, whim or caprice.  <u>See</u> <u>In re Richmond Metal Finishers, Inc.</u>, 756 F .2d 1043, 104 7 (4th Cir. 1980), <u>cert. denied sub nom.</u>, <u>Lubrizol Enters., Inc. v. Canfield</u>, 475 U.S. 1057 (1986).

16.     Rejection of an executory contract or unexpired lease is appropriate where such rejection would benefit the estate.  <u>See</u> <u>Orion Pictures Corp.</u>, 4 F.3d at 1098–99; <u>In re Stable</u> <u>Mews Assoc., Inc.</u>, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984).  Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, the Court should approve the

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

rejection under section 365(a) of the Bankruptcy Code. See In re Bradlees Stores, Inc., 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), appeal dismissed, 210 B.R. 506 (S.D.N.Y. 1997); see also In re Summit Land Co., 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

17.    The Debtor does not own the properties on which its stores are or were operated. Instead, the Debtor leases nonresidential real property from numerous lessors.  The Debtor evaluated the possibility of one or more assignments or subleases of burdensome leases.  The Debtor has determined in the exercise of its business judgment that the transactional costs and postpetition occupancy costs associated with marketing any such leases or contracts to potentially suitable assignees likely exceeds any marginal benefits that might be received from such potential assignments.

18.    Furthermore, in addition to the potential obligation to pay rent and other amounts due under the leases, the Debtor may also be obligated to pay for certain real estate taxes, utilities, insurance and other related charges associated with such leases.[3]  The Debtor has determined in its business judgment that the cost of the leases for closed stores constitute an unnecessary drain on the Debtor's resources and an overall diminution of the value of the Debtor's estate.

19.    Accordingly, in an effort to reduce postpetition administrative costs and in the exercise of the Debtor's sound business judgment, the Debtor believes that the immediate rejection of the Store 630 Lease, effective as of the Petition Date, is in the best interests of the Debtor, its estate and its creditors.

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

---

[3] The Debtor does not, by identifying a particular lease or contract on Exhibit 1, concede that it may be obligated to pay any amount under such lease or contract.

20.     On a going forward basis, given the significant number of contracts and leases that the Debtor may ultimately reject at various times during its case, the Debtor believes it is appropriate for the Court to approve expedited and streamlined rejection procedures.  The Debtor plans to continue to evaluate its contracts and leases to determine which of them do not have value beneficial to its estate.  As such, the Debtor anticipates that it will seek to reject additional contracts and leases on a continuing basis to ensure that it does not unnecessarily incur administrative expenses.  If the Debtor was required to file rejection motions to accomplish this—as opposed to rejection notices pursuant to Court-approved procedures—the Debtor would spend substantial sums preparing, filing and serving formal motions and presenting those motions at formal hearings before the Court.  The Debtor also would risk incurring substantial administrative expenses filing and serving such motions.

21.     The Debtor also seeks, in conjunction with rejection of certain leases, and as part of the Rejection Procedures, to abandon personal property of *de minimis* value that may remain on the real property at the time of rejection of a particular lease of nonresidential real property and which the Debtor has determined in its business judgment would be beneficial to the estate to abandon.  See In re US Airways Group, Inc., 287 B.R. 643, 645 (Bankr. E.D. Va. 2002) (noting that abandonment of property is governed by the sound business judgment standard). Abandonment of property is governed by section 554(a) which requires notice and a hearing for abandonment of property that is "burdensome to the estate or of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Rejection Procedures should include a process for the abandonment of property in order to avoid the administrative expense and burden on the estate of filing a motion and holding a hearing for approval of the abandonment of property of inconsequential value to the estate.  Inclusion of such an abandonment process without further

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

order from the Court will expeditiously and efficiently allow the Debtor and counterparties to the nonresidential real property leases to resolve their rights with regard to any remaining personal property left on the leased premises.

22.     The Rejection Procedures will enable the Debtor to act quickly during this process to reject unwanted, burdensome and expensive contracts and leases and, thereby, minimize its postpetition obligations.   The Rejection Procedures do not unfairly impair the rights of counterparties to contracts and leases or other parties in interest.   Instead, as proposed, the Rejection Procedures afford parties in interest the opportunity to object, appear and be heard with respect to the Designated Leases and Contracts, while at the same time saving all parties (and the Court) substantial expense and time that they would otherwise incur if forced to prepare for and attend multiple hearings on separate rejection motions.   Accordingly, the Debtor believes adoption of the Rejection Procedures is in the best interests of its estate and all parties in interest.

23.     Moreover, the Court may rely on its general equitable powers to grant the relief requested in this Motion as codified in section 105(a) of the Bankruptcy Code.   Section 105(a) empowers the Court to "issue any order, process, or judgment that is necessary to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a).

24.     Application of section 105(a) in the context of this Motion is appropriate because the relief requested herein is consistent with the rehabilitative policy of chapter 11 of the Bankruptcy Code.   A debtor-in-possession is charged with protecting and preserving its estate, including the value of the business as a going concern.   Granting the relief requested in this Motion will enhance the likelihood of the Debtor's successful rehabilitation by allowing the Debtor to minimize its postpetition obligations, and thus enhance the value of its estate.

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

25.    In many chapter 11 cases courts have authorized expedited procedures for the rejection of executory contracts and unexpired leases similar to those proposed herein. See, e.g., In re Movie Gallery, Inc., Case No. 10-30696 (DOT) (Bankr. E.D. Va. Feb. 3, 2010); In re S & K Famous Brands, Inc., No. 09-30805 (KRH) (Bankr. E.D. Va. Feb. 9, 2009); In re Movie Gallery, Inc., Case No. 07-33849 (DOT) (Bankr. E.D. Va. November 9, 2007); In re US Airways, Inc., Case No. 04-13819 (SSM) (Bankr. E.D. Va. Sept. 13, 2004); In re AMF Bowling Worldwide, Inc., Case No. 01-61119 (DHA) (Bankr. E.D. Va. July 5, 2001); In re Heilig-Meyers Co., Case No. 00-34533 (DOT) (Bankr. E.D. Va. Aug. 16, 2000); see also In re Calpine Corp., Case No. 05-60200 (Bankr. S.D.N.Y. Dec. 21, 2005); In re Tower Auto., Inc., Case No. 05-10578 (Bankr. S.D.N.Y. Mar. 16, 2005); In re UAL Corp., Case No. 02-48191 (Bankr. N.D. Ill. Jan. 15, 2003). Accordingly, the Debtor respectfully requests that the Court approve the expedited procedures for the rejection of the Designated Leases and Contracts.

B.    Rejection as of the Petition Date and Subsequently as of the Date the Rejection Notice is filed is Appropriate

26.    The Debtor respectfully submits that it is appropriate for the Court to order that the effective date of rejection for the Store 630 Lease is the Petition Date and that the effective date of rejection of subsequently Designated Leases and Contracts is the date that the Debtor files a Rejection Notice or such later date as the Debtor sets forth in the Rejection Notice.

27.    While section 365 of the Bankruptcy Code does not specifically address whether the Court may order rejection to be effective retroactively, many courts have held that bankruptcy courts may, in their discretion, authorize rejection retroactive to a date prior to entry of the order authorizing rejection. See, e.g., US Airways Group, 287 B.R. at 647 (rejection of aircraft and engine leases effective on third business day after debtors provide written notice of rejection); In re At Home Corp., 392 F.3d 1064, 1065-66 (9th Cir. 2004) (affirming bankruptcy

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

court's approval of retroactive rejection), cert. denied sub nom. Pacific Shores Dev., LLC v. At Home Corp., 546 U.S. 814 (2005); In re CCI Wireless, LLC, 297 B.R. 133, 141 (D. Col. 2003) (holding that "because section 365 does not, as a matter of law, prohibit selection of a retroactive date for rejection, the bankruptcy court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject"); In re Thinking Machs., Corp., 67 F.3d 1021, 1028 (1st. Cir. 1995) ("bankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation"); In re Jamesway Corp., 179 B.R. 33, 36-37 (S.D.N.Y. 1995) (stating that section 365 does not include "restrictions as to the manner in which the court can approve rejection").

28.    The balance of the equities favors the relief requested in this Motion. Counterparties to rejected leases and executory contracts will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date or the date the Debtor files the Rejection Notice because they will receive this Motion or the Rejection Notice shortly after the documents are filed and served and will have adequate opportunity to act accordingly.  Allowing the Debtor to reject as of the Petition Date or the date it files the Rejection Notice will expedite the rejection process and will save substantial administrative costs and expenses.  Upon receiving notice of this Motion, or subsequently, the Rejection Notice, counterparties to rejected leases and executory contracts will be immediately relieved of their own obligations under those leases and contracts.  Additionally, in the case of unexpired leases of nonresidential real property, the Debtor will likely vacate the premises before or upon serving the Rejection Notice, thereby allowing the counterparties to take possession of their property.  See In re Amber's Stores, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (holding that lease at issue should be deemed rejected as of the petition date due to equities of case where debtor turned over keys and vacated premises

MAGEE GOLDSTEIN
LASKY & SAYERS P.C.
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800
ATTORNEYS AND COUNSELORS AT LAW

and served motion to reject lease as soon as possible).  In sum, the Debtor believes that it is fair and equitable for the Court to order that the Rejected Leases and Executory Contracts are rejected as of the dates requested in this Motion.

29.    In many other chapter 11 cases, courts have permitted debtors to reject contracts and leases retroactively.  See, e.g., Prestige Ford-Lincoln-Mercury, Inc., Case No. 09-71721 (WFS) (Bankr. W.D. Va. Sept. 14, 2009); In re Movie Gallery, Inc., Case No. 10-30696 (DOT) (Bankr. E.D. Va. Feb. 3, 2010); In re S & K Famous Brands, Inc., Case No. 09-30805 (KRH) (Bankr. E.D. Va. Feb. 9, 2009); In re Movie Gallery, Inc., No. 07-33849 (DOT) (Bankr. E.D. Va. Oct. 16, 2007); In re US Airways Group, Inc., Case No. 02-83984 (Bankr. E.D. Va. Aug. 12, 2002) (RGM) (rejection of real property leases effective as of the date notice of motion was filed); In re AMF Bowling Worldwide, Case No. 01-61119 (DHA) (Bankr. E.D. Va. July 5, 2001) (same); In re Heilig-Meyers Co., Case No. 00-34533 (DOT) (Bankr. E.D. Va. Aug. 16, 2000) (same); see also In re UAL Corp., Case No. 02-48191 (Bankr. N.D. Ill. Dec. 11, 2002) (same); In re Kmart Corp., Case No. 02-02474 (Bankr. N.D. Ill. Jan. 25, 2002) (same).

30.    Accordingly, the Debtor submits that the balance of equities permits the Court to deem rejection effective as of the Petition Date for Store 630 Lease and as of the date of the Rejection Notice for the Designated Leases and Contracts is filed unless a later date is set forth in the Rejection Notice.

31.    With regard to the Debtor's requests that it be allowed to abandon certain personal property located at a store location, Bankruptcy Code section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  11 U.S.C. § 554(a).  Unless the property is a public hazard, once it is shown that the property is of

MAGEE GOLDSTEIN
LASKY & SAYERS P.C.
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

inconsequential value to the estate, the court should approve abandonment.  See In re Vel Rey Props., Inc., 174 B.R. 859, 868 (Bankr. D.D.C. 1994).  The Debtor has concluded in its business judgment that the cost of moving, storing, or disposing of certain personal property of *de minimis* value on the premises of the properties leased to the Debtor pursuant to a rejected lease would outweigh any benefit to the estate and may unnecessarily delay the rejection of the leases.  Thus, the Debtor seeks authority to abandon personal property of *de minimis* value, and therefore inconsequential value to the estate, left in the leased premises pursuant to a rejected lease without further notice or hearing and to abandon such property as set forth in the Rejection Procedures.

32.    The Debtor further respectfully submits that the Court should prohibit counterparties to any rejected leases or executory contracts from setting off or otherwise using security deposits or other monetary deposits to reduce their claims against the Debtor without prior Court approval.  This relief is important to ensure that creditors do not attempt to effectuate setoffs before the Court can determine whether their asserted claims are valid and enforceable.  This relief is consistent with section 362(a)(7) of the Bankruptcy Code, which provides that a creditor may not setoff "any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor" without first seeking Court approval to do so.  11 U.S.C. § 362(a)(7); see Citizens Bank of Md. v. Strumpf, 516 U.S. 16 (1995) (recognizing that setoff may not be effected during the automatic stay).  Accordingly, the Debtor requests that all counterparties to rejected leases and executory contracts be prohibited from taking a setoff or otherwise disposing of any monetary overpayments or deposits without first seeking relief from this Court.

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

**Reservation of Rights**

33.    The Debtor may have claims against the counterparties to rejected leases and executory contracts arising under, or independently of, the rejected leases and executory contracts.  The Debtor does not waive any such claims or related defenses by filing this Motion, serving any Rejection Notice or rejecting any lease and executory contract, and it hereby expressly reserves all of its rights with respect thereto.

**Notice**

34.    Because the Debtor filed this Motion on the Petition Date, in order to satisfy any due process concerns caused by the timing of the filing of this Motion, the Debtor respectfully requests that this Court enter a conditional order approving the following objection procedures:

a.    A copy of this Motion and all related documents has been mailed to parties in interest, including all lessors; and

b.    Immediately after the order approving the Motion is entered, the Debtor will serve the entered order and Motion with the notice substantially in the form as that attached as **EXHIBIT 4**, informing parties in interest that if no objection is timely filed within 15 days of entry of the order, and served on the Debtor, the Court shall grant the relief requested by the Debtor in this Motion without further notice or hearing with regard to such party in interest, on a final basis. If any objection(s) to the Order is timely and properly filed and served by a party in interest, the Debtor shall attempt to reach a consensual resolution of the objection. If the parties are unable to so resolve any objection, the Debtor shall schedule such objections for a hearing before this Court.

WHEREFORE, the Debtor respectfully requests entry of the Order approving (i) the rejection of certain unexpired leases and executory contracts, (ii) expedited procedures for rejecting additional unexpired leases and executory contracts going forward, and (iii) abandonment of certain *de minimus* personal property related to leases premises.

Respectfully submitted,

ADVENTURE ENTERTAINMENT,
INCORPORATED

MAGEE GOLDSTEIN
LASKY & SAYERS p.c.
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

By: /s/ Garren R. Laymon
MAGEE GOLDSTEIN LASKY & SAYERS, P.C.
Andrew S. Goldstein, Esq. (VSB #28421)
Garren R. Laymon, Esq. (VSB #75112)
Post Office Box 404
Roanoke, Virginia  24003-0404
Telephone:  (540) 343-9800
Facsimile:  (540) 343-9898
Electronic Mail: glaymon@mglspc.com
*[Proposed] Counsel for the Debtor*

U:\A CLIENTS\Movie Starz Video  1364\First Day Motions\Lease Rejection Procedures\Lease Rejection Procedures.doc

MAGEE GOLDSTEIN
LASKY & SAYERS, P.C.
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

# Exhibit 1

# Lease Information



MAGEE GOLDSTEIN
LASKY & SAYERS, PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

| Store | Store Address | City | State | Zip | Landlord Name | Landlord Address | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|
| Corp | 101 Mountain Ave | Roanoke | VA | 24019 | Tozier Properties, LLC | 101 Mountain Ave | Roanoke | VA | 24019 |
| 627 | 4826 Hollins Road | Roanoke | VA | 24019 | Hollins Plantation Investors | 240 Brookstone Centre Parkway | Columbus | GA | 31904 |
| 629 | 133 Enterprise Dr. Suite B | Danville | VA | 24540 | HC Holdings LLC | 730 11th St., NW | Washington | DC | 20001 |
| 630 | 1287 Piney Forest Road, Suite B | Danville | VA | 24540 | Bennington New Orleans, LLC | 240 Brookstone Centre Parkway | Columbus | GA | 31904 |
| 632 | 2637 Peters Creek Road | Roanoke | VA | 24017 | T3 Holdings LLC | 101 Mountain Ave | Roanoke | VA | 24019 |
| 633 | 1340 East Main Street | Wytheville | VA | 24382 | New Horizon LLC | P.O. Box 279 | Union Hall | VA | 24176 |
| 634 | 210 West 22nd Street | Buena Vista | VA | 24416 | Tuskeena Wytheville Center LLC | 4600 East West Hwy, Suite 400 | Bethesda | MD | 20814 |
| 635 | 11 East Luray Shopping Center | Luray | VA | 22835 | Ramsey Enterprises, LLC | 2424 Magnolia Ave | Buena Vista | VA | 24416 |
| 636 | 120 Kinter Way | Pearisburg | VA | 24134 | East Luray L.L.C. | P.O. Box 307 | Luray | VA | 22835 |
| 637 | 1000 Main Street | Altavista | VA | 24517 | Pearisburg Square LLC | 410 N. Ridge Road, St 100 | Richmond | VA | 23229 |
| 639 | 2576 Stuarts Draft Highway, Suite 138 | Stuarts Draft | VA | 24477 | Edgar J.T. Perrow | P.O. Box 3133 | Luynchburg | VA | 24503 |
| 640 | 400 Old Franklin Turnpike | Rocky Mount | VA | 24151 | Downer Realty | P.O. Box 17 | Charlottesville | VA | 22902 |
| 641 | 213 The Crossing Shopping Center | Elkview | WV | 25071 | Rocky Mount Development Co. | 5410 Trinity Road, Ste. 304 | Raleigh | NC | 27607 |
| 646 | 769 Valley Pointe Shopping Center | Elkins | WV | 26241 | Interstate Properties | P.O. Box 6726 | Miramar Beach | FL | 32550 |
| 647 | Route 6 Box 308 | Buckhannon | WV | 26201 | Center Designs, LLC | P.O. Box 6726 | Miramar Beach | FL | 32550 |
| 648 | 651 Commonwealth Dr | Norton | VA | 24273 | T3 Holdings LLC | 101 Mountain Ave | Roanoke | VA | 24019 |
| 660 | 1336 West Main Street | Salem | VA | 24153 | Commonwealth-Norton Partners | P.O. Box 1390 | Knoxville | TN | 37901 |
| 663 | 1128 East Lynchburg Salem Tpk Suite 1200 | Bedford | VA | 24523 | D&S Development, LLC | P.O. Box 1724 | Salem | VA | 24153 |
| 665 | 2203 Orange Avenue NE | Roanoke | VA | 24012 | Southgate III, LLC | P.O. Box 8510 | Richmond | VA | 23226 |
| 669 | 733 West Stone Drive | Kingsport | TN | 37660 | Four Starz Properties LLC | 101 Mountain Ave | Roanoke | VA | 24019 |
| 670 | 1990 Highway 394, Suite A | Bristol | TN | 37620 | Wayne Epperson | 1680 Enterprise | Piney Flats | TN | 37686 |
| 673 | 1711 Fort Henry Dr | Kingsport | TN | 37660 | Wayne Epperson | 1680 Enterprise | Piney Flats | TN | 37686 |
| 675 | 919 South Craig Ave | Covington | VA | 24426 | Jim A. Wells | 525 Packing House Road | Kingsport | TN | 37660 |
| 677 | 1932 E. Washington Ave | Vinton | VA | 24179 | C&F Land Company | P.O. Box 8510 | Richmond | VA | 23226 |
| 678 | 21054 Timberlake Rd | Lynchburg | VA | 24502 | East Vinton Plaza, LLC | 6525 Morrison Blvd., Suite 300 | Charlotte | NC | 28211 |
| 679 | 445 North Franklin St | Christiansburg | VA | 24073 | HC Holdings LLC | 730 11th St., NW | Washington | DC | 20001 |
| 680 | 6766 West Andrew Jackson Highway | Mosheim | TN | 37818 | Video Realty, LLC | 730 11th St NW, Suite 600 | Washington | DC | 20002 |
| 681 | 126 Cedar Grove Rd | Ruckersville | VA | 22968 | The Carrington Company | Ruckers Village Shopping Ctr | Eureka | CA | 95502 |
| 682 | 2818 Linkhorne Dr | Lynchburg | VA | 24503 | Lynchburg Investment Co Inc. | 2820 Linkhorne Dr., Rear A | Lynchburg | VA | 24503 |

# Exhibit 2

# Lease Rejection Procedures



P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

IN RE:

ADVENTURE ENTERTAINMENT,
INCORPORATED d/b/a Movie Starz Video DVD
Outlet d/b/a Movie Starz Video d/b/a Movie Starz

     Debtor.

Case No. 10-72517

Chapter 11

## LEASE REJECTION PROCEDURES

Adventure Entertainment, Incorporated (the "Debtor") filed a petition commencing a case under the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western District of Virginia (the "Bankruptcy Court").[4]

On _____, 2010, the Bankruptcy Court entered the Order Authorizing (i) Rejection of Unexpired Leases and Executory Contracts, (ii) Expedited Procedures for Rejecting Unexpired Leases and Executory Contracts, and (iii) Abandonment of Personal Property [Docket No. __ ] (the "Order"). Pursuant to the Order, the following Rejection Procedures were approved for the rejection of any of the Debtor's executory contracts or unexpired leases during the pendency of its chapter 11 case:

1) The Debtor shall file a written notice (each, a "Rejection Notice") to reject any lease or contract and will serve such Rejection Notice together with the Order upon:

    a) Each counterparty to each lease or contract sought to be rejected by the Rejection Notice (each, a "Designated Lease or Contract" and collectively, the "Designated Leases and Contracts");

    b) Other interested parties to each Designated Lease or Contract;

    c) The Office of the United States Trustee; and

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

---

[4] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in Motion of the Debtor for Entry of an Order Authorizing (i) Rejection of Unexpired Leases and Executory Contracts, (ii) Expedited Procedures for Rejecting Unexpired Leases and Executory Contracts, and (iii) Abandonment of Personal Property [Docket No. __ ].

1

     d)  Any duly appointed committee and that committee's counsel.

2)  The Rejection Notice shall set forth the following information to the best of the Debtor's knowledge, as applicable:

    a)  A description of the deadlines and procedures for filing objections to the Rejection Notice;

    b)  The names and address of each counterparty and/or other party in interest to each Designated Lease or Contract;

    c)  The effective date of the rejection of each Designated Lease or Contract;

    d)  A description of each Designated Lease or Contract, including the street address, mall name and/or center name of any real property that is the subject of such Designated Lease or Contract; and

    e)  If the Debtor intends to abandon any property remaining in any leased premises, that such property is abandoned if not removed by the effective date of the rejection of the applicable lease, including such property in which a third party has an interest.

3)  If a party wishes to object to the rejection of any Designated Lease or Contract, such objections must be filed with the Court and received by counsel for the Debtor, Magee Goldstein Lasky & Sayers, P.C., c/o Andrew S. Goldstein, P.O. Box 404, Roanoke, VA 24003, no later than 15 days after the date of service of the Rejection Notice.

4)  If no party files an objection within 15 days after the date the Debtor files and serves a Rejection Notice, then the Order shall constitute an order approving the rejection of the Designated Lease or Contract as of the date of the Rejection Notice or any later date set forth in the Rejection Notice.

5)  If an objection to the rejection of any Designated Lease or Contract is timely filed and not withdrawn or resolved, the Debtor shall file a notice for a hearing to consider the objection for the Designated Lease or Contract to which the objection relates; provided that if such objection is filed with respect to the effective date of rejection of a Designated Lease or Contract, these Rejection Procedures shall not prejudice any parties' rights with respect to such effective date of rejection, and each party's burden with respect thereto shall be the same as if these Rejection Procedures did not exist.  If such objection is overruled or withdrawn, such Designated Lease or Contract shall be rejected with the effective date of such rejection to be as set forth on the Rejection Notice, which shall be no earlier than the date the Rejection Notice is filed, and the Order shall constitute an order approving the rejection of the Designated Lease or Contract as of the date of the Rejection Notice or any later date set forth in the Rejection Notice.

6)  If the Debtor has deposited property with the counterparty to a Designated Lease or Contract as a security deposit or other arrangement, such counterparty may not set off or otherwise use such deposit without prior authority of the Court; provided however, that these Rejection

MAGEE GOLDSTEIN
LASKY & SAYERS, PC.
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

Procedures shall not impair the rights of a counterparty to a Lease or Contract to exercise the right to recoup under applicable law.

7) Each counterparty to Designated Lease or Contract that has been rejected shall file any claim arising from such rejection by the later of: (i) the deadline established in these cases for the filing of claims by all creditors; (ii) 30 days after the date the order authorizing the rejection of such Designated Lease or Contract is entered by the Court; or (iii) 30 days after the effective date of the rejection.

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

3

# Exhibit 3

# Notice



MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

IN RE:

ADVENTURE ENTERTAINMENT,                    Case No. 10-72517
INCORPORATED d/b/a Movie Starz Video DVD
Outlet d/b/a Movie Starz Video d/b/a Movie Starz    Chapter 11

    Debtor.

**NOTICE OF REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES AND ABANDONMENT OF PERSONAL PROPERTY**

    **PLEASE TAKE NOTICE** that on October 21, 2010, Adventure Entertainment Incorporated

filed a petition commencing a bankruptcy case in the United States Bankruptcy Court for the Western

District of Virginia (the "Bankruptcy Court").

    **PLEASE TAKE FURTHER NOTICE** that your rights may be affected.  You should read these

papers carefully and discuss them with your attorney.  If you do not have an attorney, you may wish to

consult one.

    On **[date]** the Bankruptcy Court entered an order (the "Order")[5] approving expedited procedures

for rejecting executory contracts and unexpired leases (the "Rejection Procedures").  A copy of the Order

is attached as **ATTACHMENT A**.  Pursuant to the Order, the Debtors hereby notify you that the

executory contracts and the unexpired leases (each, a "Designated Lease or Contract" and collectively, the

"Designated Leases and Contracts") set forth on **ATTACHMENT B** attached hereto are rejected

effective as of the dates set forth on Attachment B corresponding to the listed Designated Leases and

Contracts.

    If you do not timely file and serve a written objection to the rejection of a Designated Lease or

Contract, the Bankruptcy Court may deem any opposition waived, treat the rejection as conceded, and the

Order will be treated as an order approving the rejection without further order or notice of hearing.

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

---

[5] Capitalized terms not defined in this notice are defined in the Order.

1

Any party that objects to the rejection of a designated Lease or Contract must file his or her written objection with the clerk of the Bankruptcy Court no later than 10 days after the date of this notice, and it must be actually received by the following parties no later than after the date of this Notice:

1.   Counsel for the Debtor: Andrew S. Goldstein, Magee Goldstein Lasky & Sayers, P.C., P.O. Box, 404, Roanoke, Virginia 24003

2.   Office of the United States Trustee: 210 First Street, S.W., Suite 505, Roanoke, VA 24011

**PLEASE TAKE FURTHER NOTICE** that if an objection to the rejection of a designated Lease or Contract is timely filed and not withdrawn or resolved, the Debtor will set a hearing to consider the objection at _____ a.m./p.m. on _____ _____, 2010.

**PLEASE TAKE FURTHER NOTICE** that if the Debtors have deposited property with the counterparty of a Designated Lease or Contract as a security deposit or other arrangement, such contract counterparty may not set off or otherwise use such deposit without prior authority of the Court; provided however, that the Rejection Procedures shall not impair the rights of a counterparty to a Lease or Contract to exercise the right to recoup under applicable law.

**PLEASE TAKE FURTHER NOTICE** that any counterparty with a claim arising as a result of the rejection of a Designated Lease or Contract must file a proof of claim on or before the Rejection Claim Bar Date.

DATE: _____

ADVENTURE ENTERTAINMENT, INCORPORATED

By: /s/ Garren R. Laymon_____
MAGEE GOLDSTEIN LASKY & SAYERS, P.C.
Andrew S. Goldstein, Esq. (VSB #28421)
Garren R. Laymon, Esq. (VSB #75112)
Post Office Box 404
Roanoke, Virginia  24003-0404
Telephone:  (540) 343-9800
Facsimile:  (540) 343-9898
Electronic Mail: glaymon@mglspc.com
*[Proposed] Counsel for the Debtor*

MAGEE GOLDSTEIN
LASKY & SAYERS, PC.
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800
ATTORNEYS AND COUNSELORS AT LAW

# Exhibit 4

# Notice



MAGEE GOLDSTEIN
LASKY & SAYERS, P.C.
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

IN RE:

ADVENTURE ENTERTAINMENT,               Case No. 10-72517
INCORPORATED d/b/a Movie Starz Video DVD
Outlet d/b/a Movie Starz Video d/b/a Movie Starz    Chapter 11

    Debtor.

## NOTICE OF OPPORTUNITY TO OBJECT

**PLEASE TAKE NOTICE** that on October 21, 2010, Adventure Entertainment Incorporated filed a petition commencing a bankruptcy case in the United States Bankruptcy Court for the Western District of Virginia (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that your rights may be affected.  You should read these papers carefully and discuss them with your attorney.  If you do not have an attorney, you may wish to consult one.

On _____ the Bankruptcy Court entered an Order Authorizing (i) Rejection of Unexpired Leases and Executory Contracts, (ii) Expedited Procedures for Rejecting Unexpired Leases and Executory Contracts, and (iii) Abandonment of Personal Property

On that same date the Bankruptcy Court entered an Order Authorizing the Debtor to (i) Conduct Store Closing Sales in Accordance with Approved Procedures, (ii) Pay Limited Liquidation and Closure Performance Bonuses, and (iii) Abandon Certain *de minimus* Assets in Connection with Store Closing Sales (the "Order").

If you do not timely file and serve a written objection to the relief requested in the Motions, the Bankruptcy Court may deem any opposition waived, and the Orders will be final.

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

**Any party that objects to the relief requested in the Motions must file his or her written objection** with the clerk of the Bankruptcy Court **no later than 15 days after the date of this notice**, and it must be actually received by the following parties no later than after the date of this Notice:

3. Counsel for the Debtor: Andrew S. Goldstein, Magee Goldstein Lasky & Sayers, P.C., P.O. Box, 404, Roanoke, Virginia 24003

4. Office of the United States Trustee: 210 First Street, S.W., Suite 505, Roanoke, VA 24011

**PLEASE TAKE FURTHER NOTICE** that if an objection to the relief requested in the Motion is timely filed and not withdrawn or resolved, the Debtor will set a hearing to consider the objection at _____ a.m./p.m. on _____ _____, 2010.

DATE: _____                     ADVENTURE ENTERTAINMENT,
                                         INCORPORATED

                                         By: /s/ Garren R. Laymon____
                                         MAGEE GOLDSTEIN LASKY & SAYERS, P.C.
                                         Andrew S. Goldstein, Esq. (VSB #28421)
                                         Garren R. Laymon, Esq. (VSB #75112)
                                         Post Office Box 404
                                         Roanoke, Virginia  24003-0404
                                         Telephone:  (540) 343-9800
                                         Facsimile:  (540) 343-9898
                                         Electronic Mail: glaymon@mglspc.com
                                         *[Proposed] Counsel for the Debtor*

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

2