IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE:<br><br>ADVENTURE ENTERTAINMENT,<br>INCORPORATED d/b/a Movie Starz Video DVD<br>Outlet d/b/a Movie Starz Video d/b/a Movie Starz<br><br>Debtor. | Case No. 10-72517<br><br>Chapter 11 |

**AMENDED EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO (I) CONDUCT STORE CLOSING SALES IN ACCORDANCE WITH APPROVED PROCEDURES, (II) PAY LIMITED LIQUIDATION AND CLOSURE PERFORMANCE BONUSES, AND (III) ABANDON CERTAIN DE MINIMUS ASSETS IN CONNECTION WITH STORE CLOSING SALES**

The above-captioned debtor and debtor-in-possession (the "Debtor") hereby moves this Court for entry of an order authorizing the Debtor to (i) conduct store closing sales in accordance with approved procedures, (ii) pay limited liquidation and closure performance bonuses, and (iii) abandon certain *de minimus* assets in connection with store closing sales (the "Motion"). In support of this Motion, the Debtor respectfully states as follows:

**Jurisdiction**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are §§ 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code").

**Background**

3. On the date hereof (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to §§ 1107 and 1108 of the



MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

Bankruptcy Code, the Debtor retained possession of its property and is authorized thereby, as a debtor-in-possession, to continue the operation and management of its business.

4. The general facts and circumstances leading to the filing of this Bankruptcy Case and this application are set forth in the *Affidavit of Mark E. Tozier, President and Chief Executive Officer of Adventure Entertainment, Incorporated, in Support of First Day Motions and Applications* (the "Tozier Affidavit") filed on the same date as this Motion, which affidavit is incorporated by reference.[1]

5. The Debtor leases space for its corporate office and 28 store locations, identified on **EXHIBIT 1** to this Motion. The Debtor is in the process of identifying unprofitable and burdensome locations that should be closed. The Debtor may close as few as four or as many as 22 of its stores. Store numbers 630 and 675 are in the process of store closing sales. Subject to the approval of this Motion, the Debtor intends to continue its current store closing sales and promptly commence store closing sales at store numbers 637 and 673 (store numbers 630, 637, 673, and 675 are the "Immediate Store Closing Locations"). The Debtor will continue to evaluate its operating stores and will make decisions on whether to close other stores on a continuing basis. The Debtor will conduct other store closing sales in accordance with the terms and procedures in this Motion when it identifies other of its stores that must be closed.

6. The Debtor discloses that the Debtor's President, Mark E. Tozier, is the Debtor's primary secured lender. Mr. Tozier is owed approximately $613,409.06 by the Debtor, evidenced by two promissory notes he purchased from the Debtor's original lender, SunTrust Bank. Payment of the promissory note is secured by a blanket lien on the Debtor's assets.

## Relief Requested

MAGEE GOLDSTEIN
LASKY & SAYERS p.c.
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Tozier Affidavit.

2

7.     The Debtor seeks entry an order authorizing the Debtor to (i) conduct store closing sales in accordance with the procedures described on **EXHIBIT 2**, (ii) pay limited liquidation and closure performance bonuses, and (iii) abandon certain *de minimus* assets in connection with store closing sales.

8.     The Debtor proposes to conduct store closing sales at the Immediate Store Closing Locations described in the Motion and continue any store closing sales that have already begun, and to shut down such Immediate Store Closing Locations, notwithstanding, and without complying with, any applicable provision of any lease or contract purporting to limit, condition, or impair the Debtor's ability to close a store and sell or abandon its contents.

9.     The Debtor further proposes, in its sole discretion, to conduct any subsequent store closing sales regarding any of its other stores and to shut down such other stores in its sole discretion without further notice and notwithstanding, and without complying with, any applicable provision of any lease or contract purporting to limit, condition, or impair the Debtor's ability to close a store and sell or abandon its contents.

10.    To ensure that the store closing sales proceed in an orderly and efficient manner, the Debtor seeks approval of certain store closing procedures, as set forth on **EXHIBIT 2** attached to this Motion (the "Store Closing Procedures"). The Debtor submits that the Store Closing Procedures are necessary to permit the Debtor to conduct the store closing sales in an orderly and efficient manner without undue interruption, and so as to allow the bankruptcy estate to optimize recoveries on account of closing such store locations.

11.    The Debtor requests that the order approving the Store Closing Procedures authorize all property sold by the Debtor to be sold free and clear of any and all interests, including, without limitation, mortgages, security interests, liens, judgments, encumbrances and

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

3

"claims" as defined in Bankruptcy Code section 105 (collectively, "Liens"), with such Liens, if any, attaching to the proceeds. The Debtor will distribute the proceeds of the store closing sales to parties holding the Liens in the proceeds.

12. Finally, so that the Debtor can retain sufficient personnel to conduct the store closing sales, the Debtor also requests the authority, in its sole discretion, to pay limited liquidation and closure performance bonuses to various store-level employees to incentivize them to continue to work during store closing sales (the "Liquidation and Closure Performance Bonuses"). While the Debtor requests considerable discretion in determining who will receive a Liquidation and Closure Performance Bonus and the amount of any Liquidation and Closure Performance Bonus, in no event will a Liquidation and Closure Performance Bonus exceed $0.50 per hour worked by a store-level hourly employee for the duration of the store closing sales and $2,400.00 per store manager for the duration of the store closing sales. The store closing sales are anticipated to last between three and six weeks. The Liquidation and Closure Performance Bonuses will be paid subsequent to the completion of each Store Closing Sale.

13. There are no officers, directors, or insiders of the Debtor that will be eligible to receive Liquidation and Closure Performance Bonuses.

### Legal Authority

A. <u>Sound Business Reasons Exist to Conduct Store Closing Sales</u>

14. Section 363(b) of the Bankruptcy Code provides that a debtor "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." To approve a use, sale or lease of property other than in the ordinary course of business, the court must find "some sound business purpose." <u>See, e.g.</u>, <u>In re WBQ P'ship</u>, 189 B.R. 97, 102 (Bankr. E.D. Va. 1995) ("pre-confirmation sales are permissible 'when a sound business purpose dictates such action'") (citation omitted), <u>In re Lionel Corp.</u>, 722 F. 2d 1063, 1070–71

MAGEE GOLDSTEIN
LASKY & SAYERS PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

4

(2d Cir. 1983) (sales permitted prior to plan approval when there is some articulated business justification). Furthermore, the Debtor seeks authority, as set forth in the proposed Order, to sell the property free and clear of liens pursuant to section 363(f) with any such liens attaching to the proceeds. As set forth below, sound business reasons exist to justify the Debtor's conducting store closing sales.

15. Moreover, any interruption in ongoing store closing sales or any delay in the Debtor's ability to efficiently implement store closing sales in the future would have serious negative consequences for the Debtor's estate. Specifically, interruptions in the sale process would delay the date by which the Debtor is able to vacate and reject the leases for the locations, resulting in potentially significant and unnecessary administrative obligations to landlords, utility providers and other post-petition creditors.

16. In addition, if the Debtor closes any significant number of stores at the same time, which the Debtor expects to do during the course of this case, the Debtor will generally be unable to absorb the excess inventory, fixtures and equipment into its remaining store locations. Therefore, the best option for disposing of excess inventory, fixtures and equipment will be to conduct a store closing sale. Accordingly, the Debtor seeks the authority to conduct store closing sales at those closing locations where the Debtor determines, in its business judgment, that such sales represent the most profitable means for disposing of the inventory, fixtures and equipment at such store locations.

17. Bankruptcy courts have approved similar requests by debtors to conduct store closing sales, finding that such relief is entirely consistent with the applicable provisions of the Bankruptcy Code. See, e.g., In re Movie Gallery, Inc., Case No. 10-30696 (DOT) (Bankr. E.D. Va. Feb. 4, 2010); In re Circuit City Stores, Inc., Case No. 08-35653 (KRH) (Bankr. E.D. Va.

MAGEE GOLDSTEIN LASKY & SAYERS, PC
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800
ATTORNEYS AND COUNSELORS AT LAW

Nov. 10, 2008) (order authorizing store closing sales pursuant to section 363(b) of the Bankruptcy Code); In re Movie Gallery, Inc., Case No. 07-33849 (DOT) (Bankr. E.D. Va. Nov. 14, 2007); In re Rowe Furniture, Inc., Case No. 06-11143 (SSM) (Bankr. E.D. Va. Oct. 5, 2006) (order authorizing store closing sales pursuant to section 363(b) of the Bankruptcy Code); In re Mazur & Myer Inc., Case No. 05-15613 (RGM) (Bankr. E.D. Va. Dec. 9, 2005) (order authorizing, among other things, store closing sales seven days a week at all sale locations); see also In re Musicland Holding Corp., Case No. 06-10064 (Bankr. S.D.N.Y Mar. 27, 2006) (order authorizing, among other things, agent to conduct store closing sales and approving procedures for rejection of leases); In re Ames Dept. Stores, Inc., 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) (same); In re Zany Brainy, Inc., Case No. 01-1749 (Bankr. D. Del. Oct. 11, 2001) (same).

B. The Store Closing Procedures are Appropriate and Should be Approved

18.    As a necessary part of its business and reorganization strategy, the Debtor seeks approval of the Store Closing Procedures, which are designed to streamline the store closing process and maximize the value of the Debtor's estate.

19.    Certain of the Debtor's store leases may contain provisions that purport to restrict the Debtor's ability to shut stores down and conduct store closing sales. Such provisions have been held to be unenforceable in chapter 11 cases as they constitute an impermissible restraint on a debtor's ability to maximize the value of its assets under section 363 of the Bankruptcy Code. See, e.g., In re R.H. Macy & Co. Inc., 170 B.R. 69, 77 (Bankr. S.D.N.Y. 1994) (application of lease covenant to stay open was unenforceable because it would vitiate the store closing sale's purpose and function; namely the maximization of estate assets for the benefit of all creditors); Ames, 136 B.R. at 359 (enforcement of anti-store closing sale clause in lease "would contravene overriding federal policy requiring [d]ebtor to maximize estate assets"); In re Tobago Bay Trading, Co., 112 B.R. 463,467 (Bankr. N.D. Ga. 1990) (finding that a debtor's efforts to



MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

6

reorganize would be significantly impaired to the detriment of creditors if lease provisions prohibiting a debtor from liquidating its inventory were enforced); In re Libson Shops, Inc., 24 B.R. 693, 695 (Bankr. E.D. Mo. 1982) (holding restrictive lease provisions unenforceable in chapter 11 case when debtor sought to conduct going-out-of-business sale). The court in Ames explained that a store closing sale is governed by, and is appropriate under, section 363, notwithstanding contrary lease terms:

> One of the policies fundamental to the bankruptcy process is that of the trustee to marshall and maximize estate assets. Section 363(b) fosters that policy by allowing the sale of all, or substantially all, of the debtor's assets outside the context of a plan of reorganization. [Here the] [d]ebtor obtained court approval to conduct a [store closing] sale as a means of maximizing its assets while winding down its operations at [one of its stores]. This court believes that to enforce the anti-[going-out-of-business] sale clause of the Lease would contravene overriding federal policy requiring [the] [d]ebtor to maximize estate assets by imposing additional constraints never envisioned by Congress.

Ames, 136 BR at 359.

20.     Therefore, to the extent any lease contains provisions that might restrict the Debtor's ability to continue conducting the store closing sales, the Debtor requests the authority to proceed with the store closing sales notwithstanding such provisions. Moreover, the Debtor respectfully requests that this Court enjoin lessors and other counterparties to such leases from interfering with or restricting in any way the Debtor's ability to conduct store closing sales.

21.     Finally, in connection with the closing of a store, the Debtor intends to abandon certain *de minimis* personal property, including but not limited to furniture, fixtures, and equipment that the Debtor either cannot sell or believe to be too expensive to sell relative to the amount ultimately to be realized ("De Minimis Property"). Many leases that will be involved with the store closings include varied terms with regard to the condition of the physical premises upon closing. In the interest of efficiency of administration of the reorganization and uniformity of procedures, the Store Closing Procedures include provisions for the abandonment of De



MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

7

Minimis Property at the conclusion of the sales, notwithstanding the terms of those leases. See <u>In re US Airways Group, Inc.</u>, 287 B.R. 643, 645 (Bankr. E.D. Va. 2002) (noting that abandonment of property is governed by the sound business judgment standard).

C. <u>The Court Should Authorize the Liquidation and Closure Performance Bonuses</u>

22. In order for the Debtor's planned store shut-downs to work effectively, the Debtor must be able to offer incentives to employees to continue to work with the Debtor to facilitate those store closings. Accordingly, the Debtor also respectfully requests authority, in its sole discretion, to pay Liquidation and Closure Performance Bonuses to certain employees. The Liquidation and Closure Performance Bonuses, will ensure that employees, many of whom may be faced with increased responsibility, will continue to fulfill their employment obligations prior to, and throughout, the store closing process. Indeed, the Debtor believes that, without the Liquidation and Closure Performance Bonuses, many employees would simply quit, leaving the Debtor without the manpower necessary to close a store, thereby diminishing the value that could be realized through the store closing sales. Furthermore, if the Debtor is able to conduct store closing sales more efficiently through the use of Liquidation and Closure Performance Bonuses, the Debtor can minimize any accrual of administrative expenses by rejecting unnecessary unexpired leases pursuant to section 365 of the Bankruptcy Code as early as possible.

**Notice**

23. Because the Debtor filed this Motion on the Petition Date, in order to satisfy any due process concerns caused by the timing of the filing of this Motion, the Debtor respectfully requests that this Court enter a conditional order approving the following objection procedures:

> a. A copy of this Motion and all related documents has been mailed to parties in interest, including all lessors; and

MAGEE GOLDSTEIN LASKY & SAYERS pc
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800
ATTORNEYS AND COUNSELORS AT LAW

8

  b. Immediately after the order approving the Motion is entered, the Debtor will serve the entered order and Motion with the notice substantially in the form as that attached as **EXHIBIT 3**, informing parties in interest that if no objection is timely filed within ~~15~~ 21 days of entry of the order, and served on the Debtor, ~~the Court shall grant the relief requested by the Debtor in this Motion~~the order granting the Motion shall become a final order without further notice or hearing with regard to such party in interest~~, on a final basis~~. If any objection(s) to the Order is timely and properly filed and served by a party in interest, the Debtor shall attempt to reach a consensual resolution of the objection. If the parties are unable to so resolve any objection, the Debtor shall schedule such objections for a hearing before this Court.

24. Other courts have previously approved the conditional order procedure proposed herein. See, e.g., In re Movie Gallery, Inc., Case No. 10-30696 (DOT) (Bankr. E.D. Va. Feb. 4, 2010); In re Movie Gallery, Inc., Case No. 07-33849 (DOT) (Bankr. E.D. Va. Oct. 18, 2007); A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 101 (4th Cir. 1986), cert. denied, 479 U. S. 876 (1986) (approving conditional order procedure in context of contested matters); In re N-Ren Corp., 79 B.R. 730, 732 (Bankr. S.D. Ohio 1987) (explaining function and purpose of conditional orders in contested matters and overruling objection to conditional order approving distribution of proceeds of asset sale); see also 11 U.S.C. § 105(a) (authorizing court to enter "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]").

WHEREFORE, the Debtor respectfully requests entry of the Order authorizing the Debtor to (i) conduct store closing sales in accordance with the procedures described on **EXHIBIT 2**, (ii) pay limited liquidation and closure performance bonuses, and (iii) abandon certain *de minimus* assets in connection with store closing sales.

            Respectfully submitted,

            ADVENTURE ENTERTAINMENT,
            INCORPORATED

By: /s/ Garren R. Laymon
MAGEE GOLDSTEIN LASKY & SAYERS, P.C.

MAGEE GOLDSTEIN LASKY & SAYERS, PC
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800
ATTORNEYS AND COUNSELORS AT LAW

9

Andrew S. Goldstein, Esq. (VSB #28421)
Garren R. Laymon, Esq. (VSB #75112)
Post Office Box 404
Roanoke, Virginia  24003-0404
Telephone:  (540) 343-9800
Facsimile:  (540) 343-9898
Electronic Mail: glaymon@mglspc.com
*[Proposed] Counsel for the Debtor*

U:\A CLIENTS\Movie Starz Video  1364\First Day Motions\Store Closing Procedures\Store Closing Procedures.doc

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

10

# Exhibit 1

# Store Locations



P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

| Store | Store Address | City | State | Zip | Landlord Name | Landlord Address | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|
| Corp | 101 Mountain Ave | Roanoke | VA | 24019 | Tozier Properties, LLC | 101 Mountain Ave | Roanoke | VA | 24019 |
| 627 | 4826 Hollins Road | Roanoke | VA | 24019 | Hollins Plantation Investors | 240 Brookstone Centre Parkway | Columbus | GA | 31904 |
| 629 | 133 Enterprise Dr. Suite B | Danville | VA | 24540 | HC Holdings LLC | 730 11th St., NW | Washington | DC | 20001 |
| 630 | 1287 Piney Forest Road, Suite B | Danville | VA | 24540 | Bennington New Orleans, LLC | 240 Brookstone Centre Parkway | Columbus | GA | 31904 |
| 632 | 2637 Peters Creek Road | Roanoke | VA | 24017 | T3 Holdings LLC | 101 Mountain Ave | Roanoke | VA | 24019 |
| 633 | 1340 East Main Street | Wytheville | VA | 24382 | New Horizon LLC | P.O. Box 279 | Union Hall | VA | 24176 |
| 634 | 210 West 22nd Street | Buena Vista | VA | 24416 | Tuskeena Wytheville Center LLC | 4600 East West Hwy, Suite 400 | Bethesda | MD | 20814 |
| 635 | 11 East Luray Shopping Center | Luray | VA | 22835 | Ramsey Enterprises, LLC | 2424 Magnolia Ave | Buena Vista | VA | 24416 |
| 636 | 120 Kinter Way | Pearisburg | VA | 24134 | East Luray L.L.C. | P.O. Box 307 | Luray | VA | 22835 |
| 637 | 1000 Main Street | Altavista | VA | 24517 | Pearisburg Square LLC | 410 N. Ridge Road, St 100 | Richmond | VA | 23229 |
| 639 | 2576 Stuarts Draft Highway, Suite 138 | Stuarts Draft | VA | 24477 | Edgar J.T. Perrow | P.O. Box 3133 | Luynchburg | VA | 24503 |
| 640 | 400 Old Franklin Turnpike | Rocky Mount | VA | 24151 | Downer Realty | P.O. Box 17 | Charlottesville | VA | 22902 |
| 641 | 213 The Crossing Shopping Center | Elkview | WV | 25071 | Rocky Mount Development Co. | 5410 Trinity Road, Ste. 304 | Raleigh | NC | 27607 |
| 646 | 769 Valley Pointe Shopping Center | Elkins | WV | 26241 | Interstate Properties | P.O. Box 6726 | Miramar Beach | FL | 32550 |
| 647 | Route 6 Box 308 | Buckhannon | WV | 26201 | Center Designs, LLC | P.O. Box 6726 | Miramar Beach | FL | 32550 |
| 648 | 651 Commonwealth Dr | Norton | VA | 24273 | T3 Holdings LLC | 101 Mountain Ave | Roanoke | VA | 24019 |
| 660 | 1336 West Main Street | Salem | VA | 24153 | Commonwealth-Norton Partners | P.O. Box 1390 | Knoxville | TN | 37901 |
| 663 | 1128 East Lynchburg Salem Tpk Suite 1200 | Bedford | VA | 24523 | D&S Development, LLC | P.O. Box 1724 | Salem | VA | 24153 |
| 665 | 2203 Orange Avenue NE | Roanoke | VA | 24012 | Southgate III, LLC | P.O. Box 8510 | Richmond | VA | 23226 |
| 669 | 733 West Stone Drive | Kingsport | TN | 37660 | Four Starz Properties LLC | 101 Mountain Ave | Roanoke | VA | 24019 |
| 670 | 1990 Highway 394, Suite A | Bristol | TN | 37620 | Wayne Epperson | 1680 Enterprise | Piney Flats | TN | 37686 |
| 673 | 1711 Fort Henry Dr | Kingsport | TN | 37660 | Wayne Epperson | 1680 Enterprise | Piney Flats | TN | 37686 |
| 675 | 919 South Craig Ave | Covington | VA | 24426 | Jim A. Wells | 525 Packing House Road | Kingsport | TN | 37660 |
| 677 | 1932 E. Washington Ave | Vinton | VA | 24179 | C&F Land Company | P.O. Box 8510 | Richmond | VA | 23226 |

| Store | Store Address | City | State | Zip | Landlord Name | Landlord Address | City | State | Zip |
|---|---|---|---|---|---|---|---|---|---|
| 678 | 21054 Timberlake Rd | Lynchburg | VA | 24502 | East Vinton Plaza, LLC | 6525 Morrison Blvd., Suite 300 | Charlotte | NC | 28211 |
| 679 | 445 North Franklin St | Christiansburg | VA | 24073 | HC Holdings LLC | 730 11th St., NW | Washington | DC | 20001 |
| 680 | 6766 West Andrew Jackson Highway | Mosheim | TN | 37818 | Video Realty, LLC | 730 11th St NW, Suite 600 | Washington | DC | 20002 |
| 681 | 126 Cedar Grove Rd | Ruckersville | VA | 22968 | The Carrington Company | Ruckers Village Shopping Ctr | Eureka | CA | 95502 |
| 682 | 2818 Linkhorne Dr | Lynchburg | VA | 24503 | Lynchburg Investment Co Inc. | 2820 Linkhorne Dr., Rear A | Lynchburg | VA | 24503 |

# Exhibit 2

# Store Closing Procedures



P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE:<br><br>ADVENTURE ENTERTAINMENT,<br>INCORPORATED d/b/a Movie Starz Video DVD<br>Outlet d/b/a Movie Starz Video d/b/a Movie Starz<br><br>Debtor. | Case No. 10-72517<br><br>Chapter 11 |

## STORE CLOSING PROCEDURES

Adventure Entertainment, Incorporated (the "Debtor") filed a petition commencing a case under the Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Western District of Virginia (the "Bankruptcy Court").[2]

On _____, 2010, the Bankruptcy Court entered the Order Authorizing the Debtor to (i) Conduct Store Closing Sales in Accordance with Approved Procedures, (ii) Pay Limited Liquidation and Closure Performance Bonuses, and (iii) Abandon Certain *de minimus* Assets in Connection with Store Closing Sales [Docket No. __ ] (the "Order"). Pursuant to the Order, the following Store Closing Procedures were approved, and the Debtor may utilize these store closing procedures (the "Store Closing Procedures") in connection with the in-store liquidation of inventory, fixtures, and equipment at closed store locations (the "Store Closing Sales") during the pendency of its chapter 11 case.

The following guidelines and procedures shall apply to Store Closing Sales:

1.    The Debtor shall notify a lessor in writing prior to beginning a Store Closing Sale.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion of the Debtor for Entry of an Order Authorizing the Debtor to (i) Conduct Store Closing Sales in Accordance with Approved Procedures, (ii) Pay Limited Liquidation and Closure Performance Bonuses, and (iii) Abandon Certain *de minimus* Assets in Connection with Store Closing Sales [Docket No. 7].

MAGEE GOLDSTEIN
LASKY & SAYERS p.c.
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

1

2. The Debtor is authorized to liquidate inventory, fixtures, and equipment by any commercially reasonable means, including, but not limited to, in-store liquidations using either the Debtor's employees or a third-party agent (provided, to the extent applicable, the Debtor's engagement of such an agent has been authorized and approved by the Bankruptcy Court), notwithstanding contrary provisions in any leases restricting such sales, and without further order of the Court.

3. The Debtor is authorized to sell, or in the exercise of its business judgment, to abandon, certain *de minimis* personal property, including but not limited to furniture, fixtures, and equipment ("De Minimis Property") as part of the Store Closing Sales. The Debtor will leave each store subject to Store Closing Sales in "broom clean" condition, and the Debtor is authorized to abandon on site all unsold De Minimis Property.

4. The Store Closing Sales shall be conducted during normal business hours or such hours as otherwise permitted by the lease; provided that the Debtor shall abide by any applicable guidelines regarding maintenance, security and trash removal.

5. The Debtor is authorized to conduct, advertise, post signs, and otherwise promote the Store Closing Sales as, "store closing," "sale on everything," "everything must go," or similar themed sale, subject to compliance with the Store Closing Guidelines and the Order and shall be permitted to use signs and internal and external banners and signwalkers to promote such Store Closing Sales.

6. All display and hanging signs used by the Debtor in connection with Store Closing Sales shall be professionally lettered and all hanging signs shall be hung in a professional manner. Nothing contained herein shall be construed to create or impose upon the Debtor any additional restrictions not contained in the applicable lease. In addition, the Debtor

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS
P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

2

shall be permitted to utilize exterior banners and signwalkers. The Debtor also may hang signage indicating the availability of the store's lease for potential assignment.

7. If Store Closing Sales are to be considered "final," conspicuous signs shall be posted in each of the affected stores to the effect that all sales are "final."

8. The Debtor shall not make any alterations to interior or exterior store lighting. No property of any landlord of a store shall be removed or sold during the Store Closing Sales.

9. The Debtor shall keep store premises and surrounding areas clear and orderly, consistent with present practices.

10. The landlords of the stores shall have reasonable access to the store premises upon conclusion of the Store Closing Sales for the purpose of dressing store windows to minimize the appearance of a dark store.

11. Counsel for the Debtor, Andrew S. Goldstein, Magee Goldstein Lasky & Sayers, P.C., P.O. Box 404, Roanoke, Virginia 24003, telephone: (540) 343-9800, fax: (540) 343-9898, shall be the designated contact for landlords should an issue arise concerning the conduct of a Store Closing Sale.

MAGEE GOLDSTEIN
LASKY & SAYERS, PC
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

# Exhibit 3

# Notice



P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

IN RE:

ADVENTURE ENTERTAINMENT,
INCORPORATED d/b/a Movie Starz Video DVD
Outlet d/b/a Movie Starz Video d/b/a Movie Starz

Debtor.

Case No. 10-72517

Chapter 11

## NOTICE OF OPPORTUNITY TO OBJECT

**PLEASE TAKE NOTICE** that on October 21, 2010, Adventure Entertainment Incorporated filed a petition commencing a bankruptcy case in the United States Bankruptcy Court for the Western District of Virginia (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that your rights may be affected. You should read these papers carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

On _____ the Bankruptcy Court entered an Order Authorizing (i) Rejection of Unexpired Leases and Executory Contracts, (ii) Expedited Procedures for Rejecting Unexpired Leases and Executory Contracts, and (iii) Abandonment of Personal Property

On that same date the Bankruptcy Court entered an Order Authorizing the Debtor to (i) Conduct Store Closing Sales in Accordance with Approved Procedures, (ii) Pay Limited Liquidation and Closure Performance Bonuses, and (iii) Abandon Certain *de minimus* Assets in Connection with Store Closing Sales (the "Order").

If you do not timely file and serve a written objection to the relief requested in the Motions, the Bankruptcy Court may deem any opposition waived, and the Orders will be final.

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

1

**Any party that objects to the relief requested in the Motions must file his or her written objection** with the clerk of the Bankruptcy Court **no later than 21 days after the date of this notice**, and it must be actually received by the following parties no later than after the date of this Notice:

1. Counsel for the Debtor: Andrew S. Goldstein, Magee Goldstein Lasky & Sayers, P.C., P.O. Box, 404, Roanoke, Virginia 24003

2. Office of the United States Trustee: 210 First Street, S.W., Suite 505, Roanoke, VA 24011

**PLEASE TAKE FURTHER NOTICE** that if an objection to the relief requested in the Motion is timely filed and not withdrawn or resolved, the Debtor will set a hearing to consider the objection at 1:30 p.m. on November 22, 2010.

DATE: _____                ADVENTURE ENTERTAINMENT, INCORPORATED

By: /s/ Garren R. Laymon
MAGEE GOLDSTEIN LASKY & SAYERS, P.C.
Andrew S. Goldstein, Esq. (VSB #28421)
Garren R. Laymon, Esq. (VSB #75112)
Post Office Box 404
Roanoke, Virginia  24003-0404
Telephone:  (540) 343-9800
Facsimile:  (540) 343-9898
Electronic Mail: glaymon@mglspc.com
*[Proposed] Counsel for the Debtor*

MAGEE GOLDSTEIN
LASKY & SAYERS pc
ATTORNEYS

P.O. Box 404
Roanoke, Virginia 24003-0404
540.343.9800

ATTORNEYS AND COUNSELORS AT LAW

2